IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**ORWIN W. JAMES,**

    **Plaintiff,**

    v.                                      **CIVIL ACTION NO. 2:06cv44**

**JOHNNY C. DAY,**

    **Defendant.**

*MEMORANDUM OPINION & ORDER*

Orwin W. James ("Plaintiff") alleges that Johnny C. Day ("Defendant") discriminated and retaliated against him in violation of 42 U.S.C. § 1981 (2000). This matter now comes before the Court on the Motion of the Defendant to Dismiss the Complaint for failure to state a claim upon which relief can be granted. Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, Defendant's motion to dismiss is **GRANTED**.

**I. FACTUAL AND PROCEDURAL HISTORY**

**A. Factual History**

Plaintiff is an African-American male who started working in the Chesapeake Police Department ("CPD") in September, 1996. After working in the Uniform Patrol Division, Plaintiff

1

was transferred to the Special Investigative Section ("SIS") in early 2001. SIS officers specialize in narcotics and vice work and regularly undertake undercover assignments. In Plaintiff's first performance evaluation in SIS in March 2002, First Sergeant Jarrett and Defendant gave Plaintiff a "Solid Performance" score of 3.49 out of 5.00.

In May 2002, Plaintiff complained to Lieutenant Tony Torres that he was concerned with the lack of African-American detectives assigned to SIS. Lieutenant Torres submitted a formal complaint based on this conversation. Plaintiff subsequently met with Captain Nebb, Jarrett and Defendant to discuss this complaint. Plaintiff alleges that during this meeting Defendant "aggressively challenged the opinions Plaintiff had expressed" to Lieutenant Torres.

In February 2003, Plaintiff made an internal race discrimination complaint against Defendant. Plaintiff alleges that Defendant discriminated against him by frequently referring him to Internal Affairs and otherwise tarnishing his record. Plaintiff alleges that Defendant was aware of this complaint as early as February 2003.

In March 2003, Plaintiff was evaluated in SIS for a second time by Defendant. Plaintiff received an "Improvement Required" score of 2.62. Plaintiff alleges that this lower evaluation constituted unlawful retaliation as a result of Plaintiff's May 2002 and February 2003 complaints.

**B. *James I***

On April 14, 2005, Plaintiff filed suit in this Court against the City of Chesapeake ("the City"), alleging that Chesapeake Chief of Police Justice unlawfully retaliated against Plaintiff by failing to promote him to sergeant, in violation of 42 U.S.C. § 2000e-3(a) (2000). *See James v. City of Chesapeake*, No. 2:05cv228, at 5 (E.D. Va. Dec. 19, 2005) ("*James I*"). On December 19, 2005, this Court granted summary judgment to the City. *Id.* at 11. In the Court's Memorandum Opinion

and Order, this Court first held that Plaintiff had failed to produce direct evidence of discrimination. *Id.* at 7. The Court then held that although Plaintiff could establish a prima facie case of retaliation, Plaintiff had failed to provide evidence showing that the City's proffered reasons for not promoting Plaintiff were a pretext. *See Id.* at 9-11. Specifically, this Court found that Plaintiff's low evaluation scores and multiple substantiated Internal Affairs investigations were legitimate nondiscriminatory reasons for passing over Plaintiff for promotion, and that Plaintiff presented no evidence that these justifications were merely pretext. *Id.* at 10-11.

**C. The Present Case**

Plaintiff filed the complaint currently at issue on January 26, 2006. On February 21, 2006, Defendant filed the instant Motion to Dismiss. Defendant argues first that Plaintiff's claim should be entirely dismissed by application of collateral estoppel ( issue preclusion), resulting from this Court's decision in *James I*. Defendant asserts that *James I* determined that Plaintiff's March 2003 performance evaluation was not an adverse employment action. In the alternative, Defendant argues that neither of Plaintiff's complaints, in May 2002 and February 2003, can be considered protected activities under § 1981. Defendant argues that the May 2002 complaint fails because § 1981 does not encompass a retaliation claim by a plaintiff not included in the group of people whose treatment he opposed, so that plaintiff's own race was not the basis for the retaliation. Defendant argues that the February 2003 complaint fails because Plaintiff is precluded by *James I* from alleging that Defendant knew about the complaint when he performed the March 2003 evaluation.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. Although courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference, *see Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985), courts will favorably construe the allegations of the complainant, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), and assume that the facts alleged in the plaintiff's complaint are true. *See McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 354 (4th Cir. 1969).

## III. DISCUSSION

**A. Issue Preclusion**

Plaintiff makes an unlawful retaliation claim based on 42 U.S.C. § 1981. To succeed on this claim, Plaintiff must show: "(1) that he engaged in a protected activity; (2) that his employer took an adverse employment action against him; and (3) that a causal connection existed between the protected activity and the asserted adverse action." *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 188 (4th Cir. 2004). Defendant argues that issue preclusion prevents Plaintiff's March 2003 performance evaluation from being considered an adverse employment action.

Issue preclusion "generally refers to the effect of a prior judgment in foreclosing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination

essential to the prior judgment, whether or not the issue arises on the same or a different claim."

*New Hampshire v. Maine*, 532 U.S. 742, 748-49 (2001). The elements of issue preclusion include:

> (1) the issue sought to be precluded is identical to one previously litigated; (2) the issue was actually determined in the prior proceeding; (3) the determination of the issue was a critical and necessary part of the decision in the prior proceeding; (4) the prior judgment was final and valid; and (5) the party against whom estoppel is asserted had a full and fair opportunity to litigate the issue in the previous forum.

*Martin v. American Bankcorp. Ret. Plan*, 407 F.3d 643, 653 (4th Cir. 2005).

Issue preclusion applies in the instant case. First, the issue of the legitimacy of Plaintiff's March 2003 performance evaluation is identical to the issue in the present case, and it was actually determined in *James I*. In *James I*, the Court found that the evaluation in question was a legitimate, nondiscriminatory reason for denying Plaintiff a promotion. *James I* at 10. This same evaluation is the basis for Plaintiff's current retaliation claim. The legitimacy of this evaluation was actually determined in *James I* when the Court found that Plaintiff failed to produce any evidence that this explanation for passing over Plaintiff for promotion was anything other than legitimate and non-pretextual. *Id.* Therefore, the first two elements of issue preclusion are met.

Furthermore, the determination that the March 2003 evaluation was a legitimate, nondiscriminatory reason for passing over Plaintiff for promotion was a critical and necessary part of *James I*. Under the *McDonnell Douglas* framework utilized in *James I*, the City had the burden of providing legitimate, nondiscriminatory reasons for its decision. *See McDonnell Douglas Corp. V. Green*, 411 U.S. 792, 802-04 (1973). The burden then shifted to the Plaintiff to prove that the City's proffered reasons were pretext. *Id.* at 804. The City offered the March 2003 evaluation as a legitimate reason for its decision, and the Court found that Plaintiff could not make any showing

5

that this was anything other than a legitimate reason. *James I* at 10-11. This pretext determination was critical and necessary to *James I*, and so the third element of issue preclusion has been met.

Finally, the prior judgment in *James I* was valid and final, and Plaintiff had a full and fair opportunity to litigate the March 2003 evaluation in *James I*. Plaintiff had a fair opportunity to put forth evidence showing that the March 2003 evaluation was based on retaliatory discrimination and therefore not a legitimate reason for passing him over for promotion. Plaintiff failed to put forward any evidence to this effect. Therefore, issue preclusion applies and Plaintiff is estopped from arguing that the March 2003 evaluation is an adverse employment action. As the March 2003 evaluation in question is the only adverse employment action pled by Plaintiff, Plaintiff's § 1981 retaliation claim is without merit.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss Plaintiff's claims as failing to state a claim upon which relief can be granted.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record.

**IT IS SO ORDERED.**

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
September 7, 2006